The Honorable Roger L. Rorie State Representative P.O. Box 136 Fox, AR 72051-0136
Dear Representative Rorie:
 This is in response to your request for an opinion on ten questions concerning the annexation of property to the City of Shirley. Your questions are restated and answered below in the order posed.
 1. Information on who is allowed to vote — the citizens of Shirley, qualified voters in the 10 sections and/or property owners? Reference: Municipal League Book — Part B #14-40-601.
It must be initially noted, in responding to this and your remaining questions, that the provision you have cited from the Municipal League Handbook (i.e., "#14-40-601") does not appear to apply in this particular situation. Arkansas Code Annotated §14-40-601 involves annexation by petition of real estate owners, rather than by election. Because the majority of your questions involve election-related matters, I assume that the annexation is pursuant to A.C.A. §§ 14-40-301—304 (1987, Cum. Supp. 1991 and Act 356 of 1993).[1]
In response to your first question, the question of annexation is submitted to the qualified electors of the annexing municipality (the City of Shirley) and to the qualified electors of the area to be annexed (presumably the referenced "10 sections.") See
A.C.A. § 14-40-303(b)(1)(A).
 2. The legality of holding the annexation question on the same ballot as the Lt. Governor?
Assuming that this question refers to the ballot at the special general election for Lt. Governor, and not the special primary election, it is my opinion that the annexation question may be placed on that ballot. My research has yielded no prohibition to this effect. See Op. Att'y Gen. 93-125 (copy enclosed).
3. What type of ballot must we use?
I am uncertain as to the focus of this question. The mechanics of the ballot preparation and the voting process are set forth in the Arkansas Code provisions governing election procedures. I suggest that the County Board of Election Commissioners be consulted in this regard. I will be happy to address any specific questions that remain following the county board's review.
4. Must it specifically describe each section?
It is my opinion that the answer to this question is "no." Section (a) of § 14-40-303 states that the annexation ordinance "shall contain an accurate description of the lands desired to be annexed." Inclusion of this description on the ballot, while not clearly required by statute, is probably prudent. This is not to say, however, that each section to be annexed must be specifically described. The Arkansas Supreme Court has indicated that a description that encircles the geographical area to be annexed is sufficient. See Parrish v. City of Russellville,253 Ark. 1000, 490 S.W.2d 126 (1973) (holding that the description was insufficient under a statute requiring that a petition for annexation describe "the territory to be embraced," where it only described a line rather than encircling a geographical area or describing the geographical area to be annexed.) See also generally Lee v. City of Pine Bluff,289 Ark. 204, 710 S.W.2d 205 (1986) (upholding a description by metes and bounds of the existing city limits and the tracts to be annexed.)
5. Do we need separate ballots for each section?
The answer to this question is, in my opinion, "no," assuming that the annexation ordinance describes the sections as one area to be annexed. Each section could, presumably, be presented for annexation separately. It seems that this would, however, require separate annexation ordinances for each tract, in which case separate ballots would be required.
6. How do they determine who lives in the section?
The city must, in accordance with § 14-40-303(c)(1)(B), identify all persons who reside within the area proposed to be annexed and the county clerk must assist the city in determining the names and addresses of all qualified electors residing within that area. The Code section does not state how the city must make this identification. The city may, it seems, use whatever means are available for this determination.
 7. After the ordinance for annexation is passed by the Shirley City Council, how many days before the election must be held?
The special election must be conducted no earlier than sixty (60) days after the date of enactment of the ordinance.
 8. How will the qualified voters be notified of the proposed annexation?
The city clerk must give notice of the election by publication by at least one insertion in a newspaper having general circulation in the city. A.C.A. § 14-40-303(c)(1)(D). The county clerk must give notice of the voter registration deadlines at least twenty days before the election by ordinary mail to those persons whose names and addresses are on the list provided by the city clerk. A.C.A. § 14-40-303(c)(2)(A).
 9. We want to know at the meetings, if everyone turns down the annexation, how do we prove it?
I am unable to respond to this question because I am uncertain what "meetings" this refers to. The election results are, of course, determined in accordance with the election law.
 10. What number of vote[s] does it require to pass the City Ordinance? Whether it can be a resolution and not an ordinance? Reference: Municipal League Book — Part B #14-40-601.
The annexation ordinance must be adopted by a vote of two-thirds of the total number making up the city's governing body. A.C.A. §14-40-302(a). There is no provision under A.C.A. §§ 14-40-301—304 for passing a resolution instead of an ordinance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] Act 356 of 1993 amended § 14-40-303. The amendment does not, however, impact your questions.